# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

GARIEON J. SIMMONS )
    Plaintiff, )
  )
v. )     No. 3:15-cv-0628
  )     Judge Trauger
STATE OF TENNESSEE, et al. )
    Defendants. )

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee and the Tennessee Department of Correction, seeking his immediate release from custody and damages.

The plaintiff believes that the defendants have illegally altered his sentence and that he is "being held on a sentence I've already served".

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

1

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Aleta A. Trauger
United States District Judge